Lillian Yarborough
vs. } No. 89262.
Albert E. Seaman

May 2, 1933.

POULIOT, J. Defendant's motion for a new trial is now before the Court after a jury verdict for the plaintiff for $2,300.00.

On Sunday afternoon, May 8, 1932, the plaintiff was a passenger in her husband's automobile, which he was driving and over the operation of which she had no control.

On Oaklawn Avenue, in the City of Cranston, a collision occurred between that automobile and one operated by the defendant.

The plaintiff's story is substantially that her husband, when about to pass defendant's car, blew his horn as a warning; that defendant's car slowed down then turned to its left so short a distance away that plaintiff's husband could not avoid an accident.

Defendant's story is substantially that he desired to turn into a left hand road for the purpose of exploring a road that his wife had noticed a short distance back; that he looked into his mirror, saw a car about 200 feet behind him, started to turn, saw the plaintiff's car, stopped with his front wheel on or just over the white line in the center of the highway and was struck on the rear left mudguard.

Both sides seems to agree that the Yarborough car was to the left of the white line as it proceeded up to the point where the collision took place.

We have in this case a question of fact for jury determination and the evidence presented could very well indicate to a jury that the defendant was guilty of negligent conduct.

It is interesting to note that the collision was by the front end of the plaintiff's car coming in contact with the left rear fender of defendant's car. If, as the defendant contends, the rear end of his car was to the right of the white line, then the plaintiff's car would have to swerve to its right and cross over the white line to collide at the point of contact stated. On the other hand, if defendant's car had gone over the white line, to its left, it would be right in the path of a car traveling down the left hand lane.

In all probability, the car that defendant saw in his mirror was the Masterson car, some distance behind it, and the plaintiff's car did not show in defendant's mirror, so that, not knowing there was a car close by, defendant turned to his left and placed himself right in the path of the Yarborough car.

Plaintiff's injuries consisted of bruises and contusions, which cleared up in the normal way except for a scar on her leg and a broken bone in the right hand which has so well yielded to treatment that Dr. Burrows, when he last saw her on June 11, 1932, considered her practically cured. She still suffers some discomfort when she does housework but, in his opinion, that will take care of itself in time.

The jury's verdict was for $2,300.00. The Court feels that $1,500 would be a fair and reasonable compensation for the plaintiff's injuries under the evidence in this case.

If, within five days, plaintiff remits all of the verdict in excess of $1,500, defendant's motion for a new trial is denied, otherwise it is granted.

For plaintiff: William A. Gunning.

For defendant: Sherwood & Clifford.